UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23482-CIV-ALTONAGA/Reid

**TERRANCE TAYLOR**,

    Petitioner,
v.

**U.S. ATTORNEY GENERAL**, *et al.*,

    Respondents.

_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Reid's Report and Recommendation [ECF No. 4], entered on September 4, 2020. On August 21, 2020, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. [Section] 2241 [ECF No. 1]. At the time of filing, Petitioner was being detained at Glades County Detention Center in Moore Haven, Florida. (*See* Pet. 5–6). Petitioner is thus detained in the judicial district of the United States District Court for the Middle District of Florida, not in this District. *See* 28 U.S.C. § 89(b). As the Report and Recommendation correctly concludes, the Court is not the appropriate venue to entertain Petitioner's Petition. (*See* R. & R. 2–3).

    "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner[]"; and "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given [petitioner's] habeas petition[]" — that is, "'the person' with the ability to produce the [petitioner's] body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (alterations added; other alteration adopted; quotation marks omitted; citing 28 U.S.C. §§ 2242, 2243).

CASE NO. 20-23482-CIV-ALTONAGA/Reid

Although *Padilla* left open the question whether these principles apply to habeas "petition[s] filed by [] alien[s] pending deportation[,]" *id.* at 435 n.8 (alterations added), numerous courts in this District have transferred habeas petitions filed by alien-detainees challenging their physical detention to the district of confinement. *See, e.g.*, *Juste v. Sessions*, No. 18-23187-Civ, 2018 WL 10509567 (S.D. Fla. Sept. 20, 2018); *Miclisse v. United States*, No. 18-cv-20218, 2018 WL 7324111 (S.D. Fla. Feb. 22, 2018); *Fort v. Dep't of Homeland Sec.*, No. 18-23187-Civ, 2018 WL 1867020 (S.D. Fla. Jan. 19, 2018).

In the interest of justice, Petitioner's Petition will be transferred to the Middle District of Florida, the jurisdiction in which Petitioner is detained. *See* 28 U.S.C. § 2241(d). The Report advises Petitioner he has time to file objections to the Report (*see id.* 2), but the Court sees no basis for an objection.[1] The Court agrees with Judge Reid and finds the Petition must be transferred to the appropriate venue. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation of Magistrate Judge **[ECF No. 4]** is **ADOPTED**. The Clerk is instructed to transfer this case to the United States District Court for the Middle District of Florida and mark this case as **CLOSED** in this District. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 4th day of September, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Lisette M. Reid;
      Petitioner, Terrance Taylor, *pro se*

---

[1] Should Petitioner have a basis to disagree with the Report and this Order, he may file a motion for reconsideration of this Order.

2