UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRANCE TAYLOR,

        Petitioner,

v.                                          Case No. 2:20-cv-688-JLB-MRM

U.S ATTORNEY GENERAL and
DEPARTMENT OF HOMELAND
SECURITY,

        Respondents.

_____

## ORDER OF DISMISSAL

      Pending before the Court is Petitioner Terrance Taylor's 28 U.S.C. § 2241

petition for writ of habeas corpus, filed on August 21, 2020.   (Doc. 1.)   Respondent

asks the Court to dismiss the Petition as moot because Petitioner has been

deported.   (Doc. 12.)   As explained below, this action is dismissed because the

Court can no longer provide Petitioner with the requested relief.

## I.     Background

      Petitioner is a native and citizen of The Bahamas.   (Doc. 1 at 3.)   The

United States Immigration and Customs Enforcement (ICE) took Petitioner into

custody on March 1, 2019.   (Id.)   An immigration judge entered a final order of

deportation on February 20, 2020.   (Id.)   Exactly 180 days later, Petitioner mailed

his habeas petition to the United States District Court for the Southern District of

Florida, which transferred it to this Court on September 4, 2020.   (Doc. 6.)

Petitioner challenges his continued detention by ICE pending deportation as

unconstitutional under <u>Zadvydas v. Davis</u>.[1]  (<u>Id.</u> at 4.)  However, on October 6, 2020, Petitioner was removed from the United States to The Bahamas.  (Doc. 12-1 at 2; Doc. 12-2.)  On October 14, 2020, Respondent asked this Court to dismiss the petition as moot.  (Doc. 14.)

## II.    Discussion

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (quoting <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969)).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  <u>Id.</u> at 1336.  However, a petition may continue to present a live controversy after release or deportation when there is some remaining collateral consequence that may be redressed by success on the petition.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7–8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); <u>Lopez v. Gonzales</u>, 549 U.S. 47, 52 n.2 (2006) (recognizing that a case is not mooted by a petitioner's deportation if the petitioner could still benefit by pursuing his application for cancellation of removal).

---

[1] In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 702 (2001), the Supreme Court held the United States may not indefinitely detain aliens under an order of deportation.   To justify detention of aliens for a period of longer than six months, the government must show either that removal will occur in the foreseeable future, or special circumstances exist which outweigh the aliens' rights.

An exception to the mootness doctrine also applies when: (1) the challenged action is too short in duration to be litigated before its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would face the same action again. <u>Murphy v. Hunt</u>, 455 U.S. 478, 482 (1982).

Petitioner challenges <u>only</u> his continued detention by ICE—not his final order of removal—and it is undisputed that he has been released. Therefore, to the extent Petitioner seeks release from ICE custody or an individualized bond hearing, the Court can no longer provide meaningful relief. Should Petitioner face ICE detention in the future, he would not be foreclosed from filing another petition under section 2241 if his subsequent detention exceeds 180 days, and a decision concerning his <u>prior</u> period of detention would be meaningless. Thus, none of the exceptions to the mootness doctrine are applicable here, and the petition is moot. <u>See</u> <u>Soliman v. United States ex rel. INS</u>, 296 F.3d 1237, 1243 n.2 (11th Cir. 2002) (finding the section 2241 petition moot after deportation, because the petitioner did not challenge his final order of removal).

### III.    Conclusion

Because the Court can no longer provide Petitioner any meaningful relief on this petition, "dismissal is required because mootness is jurisdictional." <u>Al Najjar</u>, 273 F.3d at 1336. Accordingly, it is now **ORDERED**:

1.    Terrance Tyrone Taylor's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as moot**.

2.   Mr. Taylor is **DENIED** a certificate of appealability.[2]

3.   The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**ORDERED** in Fort Myers, Florida on April 30, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[2] A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.   Petitioner has not made "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). To make this showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'   Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).